**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 3, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

FORREST EVANS,

    Plaintiff - Appellant,

v.

ALICIA ORTIZ; MARTA FLORES,
Public Service Representative;
MARGARET WILLIAMS; DAVID
ANCHONDO, Owner of Anchondos MVD
Services; IRENE DE LA CRUZ, Manager,
Hobbs NM MVD; DANETTE BARELA;
GARASIMOS REZATOS, MVD
Department, Deputy Director; HTET
GONZALES, MVD, Department, Deputy
Director; MARK WILLIAMS; WILLIAM
DURAN; ANGEL MARTINEZ, Bureau
Chief; CITY OF HOBBS, NM,
Municipality; CITY OF CARLSBAD,
NEW MEXICO; CITY OF LOVINGTON,
NM; MICHELLE LUJAN GRISHAM,
Governor of New Mexico; SUSANNA
MARTINEZ, Former Governor of New
Mexico; STEPHANIE SCHARDIN
CLARK, Cabinet Secretary; TOBY
SPEARS, CPA Finance Director, all in
their official capacities,

    Defendants - Appellees.

No. 21-2138
(D.C. No. 2:21-CV-00833-KWR-CG)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]

_____

Forrest Evans, who is pro se,[1] sued eighteen defendants under 42 U.S.C.

§ 1983, alleging equal protection and due process violations while "engaged in the

MVD business from 2012 [through] June 2019." R. Vol. 1 at 23. Evans also asserted

state-law claims, such as defamation. The district court dismissed all his § 1983

claims sua sponte, either as time-barred or for failure to state a claim. The court then

declined supplemental jurisdiction over his state-law claims. Evans now appeals the

dismissal of his claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review sua sponte dismissals of complaints de novo and construe well-

pleaded facts in the light most favorable to plaintiffs. *Smith v. Colo. Dep't of Corr.*,

23 F.3d 339, 340 (10th Cir. 1994). We review denials of supplemental jurisdiction for

abuse of discretion. *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th

Cir. 2009).

Evans doesn't attack the district court's Memorandum Opinion and Order of

Dismissal ("Memorandum Opinion"), which explained why his federal claims failed.

Evans seems to instead argue that, based on the one-page Rule 58 Judgment, the

_____

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Since Evans is a pro se litigant, we liberally construe his filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

district court dismissed his complaint without reviewing its merits. *See* Op. Br. at 10 ("The District Court made no findings of fact or conclusions of law as to the merits of my complaint."); *see also* Op. Br. at 13 ("The District court arbitrarily without any review summarily dismissed my case under Rule 58[.]"). Yet the Rule 58 Judgment states that it was entered based on the Memorandum Opinion. And contrary to Evans's argument, the Memorandum Opinion explains—on a defendant-by-defendant basis, with ample citations to his complaint and binding caselaw—why his federal claims were dismissed. We agree with the district court's well-reasoned decision. And because none of Evans's federal claims survived, the district court acted within its discretion to decline supplemental jurisdiction.

The district court's judgment is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge